# W. B. McCommon, Appt., *v.* Lemuel R. Spong.

Under the act of March 29, 1827, a court of common pleas has authority to appoint a competent person to index the records in the office of the register of wills for the county, and to compel the register to permit the person so appointed to have access to or possession of such records and books as may be necessary.

As no appeal lies from an order of the common pleas in such a matter, only the record as brought up by certiorari can be considered by the supreme court.

(Argued April 26, 1888. Decided May 14, 1888.)

January Term, 1888, No. 246, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Certiorari sur appeal to review an order of the court of Common Pleas of Cumberland County directing the register of wills of that county to deliver possession of certain records to a person appointed by the court to index the same. Affirmed.

On July 11, 1887, while Lemuel R. Spong, the present appellee, was register of wills for Cumberland county, the court of common pleas of that county made the following order, on the petition of certain members of the bar:

In the matter of indexing the records and transactions of the register's office.

And now, to wit, July 12, 1887, the register of the county is hereby authorized and directed to procure four books, to be used as indices, of the size and with the headings and columns recommended by the committee, except that there shall be added one column, headed "Collateral Inheritance Tax;" but he is hereby directed hereafter to index the records and transactions of his office in accordance with this plan.

He is also authorized to index in like manner the past records in said office from January 1, 1870, provided he is willing to do so at a compensation of 17 cents per line or name, and he is authorized to purchase the requisite scratchers for this purpose.

The Hutter system recommended by the committee is adopted.

NOTE.—The act of May 3, 1878 (P. L. 43), authorizing the re-indexing of certain records, was held unconstitutional in *Re* Beaver County Indexes, 6 Pa. Co. Ct. 525.

The request to index prior to 1870 is held under advisement.

Thereafter, the following supplemental order was made by the court:

"And now, to wit, October 11, 1887, the register is hereby authorized to procure thirteen books for the purpose of indexing records in his office, instead of four as provided in order of July 13, 1887, said indexing to begin with records of year 1870, the matter of indexing earlier records held under advisement."

On November 5, 1887, W. B. McCommon was elected register of wills for the county, as successor to said Spong, and on January 2, 1888, he was duly commissioned, and took possession of the office, and of the books and records therein, having given the requisite official bond, which provided among other things that he should "deliver the books, seals, records, writings, and papers belonging to the said office, safe and undefaced, to his successor therein."

On December 17, 1887, the court made the following order:

And now, to wit, December 17, 1887, as it has been made to appear to the satisfaction of the court since making the order of October 11, 1887, that ten books will be a sufficient number of books in which to index the records of the register, the order made on that day is modified so that he is directed to procure ten instead of thirteen books for that purpose. And it is further ordered, after due consideration of the recommendation of the committee and the petition of the bar, that the entire records of the register's office from the institution of the county in 1750 to the present date, be indexed, the compensation to be paid to be $2,000, $1,000 payable in the year 1888, and the remaining $1,000 be payable in the year 1889—the work to be done by L. R. Spong, the present register of the county.

McCommon having, after entering upon the office of register, refused to let Spong take the books and records for indexing, the court, Sadler, P. J., on petition of Spong, made the following order, accompanied by the following opinion:

And now, January 11, 1888, it is hereby ordered that W. B. McCommon shall deliver to L. R. Spong, Esq., upon the application of the latter, such portions of the records of the register's office, in this county, now in his charge, as may, in the opinion

of said Spong, be needed by him for examination in completing the indices which he was directed to make under the order of December 17, 1887. The said Spong will receipt for the records and papers intrusted to him, and it is expected that he will, by using as few at any one time as possible, and for the shortest period necessary for him to have them in his possession, in order that as little inconvenience may be caused to said W. B. McCommon, in attending to the duties of his office as register, as can be under the circumstances.

The rule granted upon the said W. B. McCommon is thus made absolute, and he is directed to pay the cost of these proceedings.

PER CURIAM:

On the 26th day of March, 1886, a petition was presented to us signed by the bar of the county, setting forth the great need of an index of the records, etc., in the register's office, and praying that indices of the same be directed to be made. A committee, consisting of Hon. M. C. Herman, A. B. Sharpe, and John Hays, Esqs., three of the most reputable, experienced, and competent members of the bar, was appointed for the purpose of inquiring into the various systems of indexing, and make report of the plan deemed by them the most desirable and also to accompany their report with an estimate of the cost of making the proper indexes.

This report was made June 7, 1887, and subsequently the entire bar, with but very few exceptions, again petitioned that the system recommended by them be adopted, and that the work upon the indexes be commenced at once, and L. R. Spong, the then register, be employed for the purpose.

This was afterward done and proper order made.

The work was then undertaken and had progressed to a considerable extent, when on the second day of January, 1888, W. B. McCommon, the person elected as register at the last general election, took charge of his office. He refused to allow Spong to proceed with the work in his office, or permit the records, as required for indexing, to be taken to a room on the opposite side of the hall way in lower story of the court house.

Application was then made to us for an order directing the said McCommon to permit Spong to have access to and the use of the records of the register's office, for the purpose of indexing

the same, as he had been authorized and directed to do by the order of December 17, 1887, and previous orders.

This application was resisted by McCommon, on the ground that he was by law the custodian of the papers and books contained in the register's office; that he had given bond to hand them over to his successor in office, and was entitled to all the fees, profits, and emoluments of the office.

That the court had full power to direct the making of the indices will not be contradicted. The act of March 29, 1827, so provides in its fourth section. The authority to have the books of records of the several offices, including that of register of wills, bound anew, indicates that their removal was contemplated and might be authorized under certain circumstances. The law establishes no fees for indexing the records when directed by the court under the act aforesaid. The amount to be paid is not an emolument to which the incumbent of the office has any legal right.

When the law imposed upon the courts the power and duty of directing the making of full and complete indexes, it certainly contemplated that they should have the power to intrust the labor to competent persons—to persons who had such knowledge of the records to be indexed as would enable them to undertake the work intelligently, and such skill in penmanship as would insure a neat and legible execution of the duty. It could not have been intended by the legislature that the courts were compelled to commit it only to the person who happened to be the incumbent in the office, however inexperienced as to the labor to be performed, ignorant of the records which the office contained, or illegible his chirography.

Mr. Spong was well qualified to index the records. He had had about three years of experience in the office; had become familiar with its contents and the matters required to be entered in the indices it was proposed to make. He had, as a clerk, for many years before his election, the training which fitted him to examine papers and entries critically, while his style of penmanship added another special qualification for the task. The new incumbent, on the other hand, was without any knowledge of the contents of or wants of the office. His former occupation had in no manner tended to fit him for the sort of work the indexing of the records imposed, while his penmanship would be a decided objection to committing matter to him.

In no respect would we have deemed him properly qualified to make the indices, nor would we have made an order directing him to do so.

The room in which Mr. Spong proposes to do the work, since he has been excluded by the register from the office where the records are contained, is fire proof and but a few feet distant. He will not require a large amount of the books or papers at any one time and very little inconvenience will be caused, nor will any risk be incurred by the register, if his (Spong's) petition be granted.

We will therefore [direct that the said L. R. Spong shall have such access to and use of the records in the register's office as will enable him to complete the indexes, which he was directed to make and which have been undertaken by him under the order of this court.]

Thereupon McCommon appealed, assigning as error: (1, 2, 3) The said orders of December 17, 1887, and January 11, 1888; (4) the portion of the opinion inclosed in brackets; and (5) "The learned court below based its order of December 17, 1887, on § 4 of the act of March 29, 1827. Section 6 of said act provides that no register shall receive from the county any pay for any indexes made by him of any matters recorded in his office after the passage of this act. All the work therefore ordered between March 29, 1827, and December 17, 1887, a period of more than sixty years, is contrary to the plain provisions of the law."

*Theodore Cornman* and *F. E. Beltzhoover* for appellant.

*S. Hepburn, Jr.,* for appellee.

Per Curiam:

As no appeal lies in a case of this kind, we can consider nothing but the record which has been brought up by the certiorari, and as in that nothing appears which is irregular, or which is unwarranted by the act of assembly under which the court acted, we must affirm the judgment of the common pleas.

The judgment is affirmed.